IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOREHEI K. PIERCE, #58077 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-376-F (WO) |
| ELEANOR BROOKS, *et al.*, | * |
| Respondents. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 1, 2005 Respondents filed an answer and motion to dismiss. (Doc. No. 11.) They allege therein that Petitioner's habeas petition alleging a violation of the Interstate Agreement on Detainers Act ("IADA") is due to be dismissed as Petitioner failed to allege a violation of the Act. (*Id.*) Specifically, Respondents argue that although a failure to appear warrant was issued for Petitioner's arrest on October 20, 1993, no detainer has been lodged against him with respect to the warrant. (*Id.*)

The IADA only applies to requests for disposition of an "untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner." *See* 18 U.S.C.App. III, Art. III(a). The undisputed evidentiary material before the court reflects that the arrest warrant issued against Petitioner in October 1993 did not result in the issuance of any detainer against him. (Doc. No. 11, Exhs. A-C.)

In light of the foregoing, on August 5, 2005 the court directed Petitioner to show cause why Respondents' Motion to Dismiss should not be granted on the ground that the IADA is not applicable to the instant case. The court's August 5 order cautioned Petitioner that his failure to file a response would result in a Recommendation that this petition be dismissed. The requisite time has passed and Petitioner has filed nothing in response to the court's August 5, 2005 order. The court, therefore, concludes that Respondents' Motion to Dismiss is due to be granted and this case be dismissed with prejudice.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Respondents' Motion to Dismiss (Doc. No. 11) be GRANTED; and

2. The instant application for habeas relief be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 3, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in

the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of September, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE